UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSIE C. KO,<br><br>        Plaintiff,<br><br>v.<br><br>MUTUAL PHARMACEUTICAL COMPANY, INC.,<br><br>        Defendant. | Case No. C-13-00890-RMW<br><br>**ORDER GRANTING DEFENDANT MUTUAL PHARMACEUTICAL COMPANY, INC.'S MOTION TO DISMISS**<br><br>[Re: Docket Nos. 37 and 40] |

Plaintiff Josie C. Ko brings state law products liability claims and unfair competition claims against defendant Mutual Pharmaceutical Company ("Mutual"), alleging injuries caused by defendant's product sulindac, a generic anti-inflammatory medication. Am. Compl. 2, Dkt. No. 37. Mutual moves to dismiss, asserting that Ko's claims are preempted by federal law and fail to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Mutual further objects to the joinder of Ko's husband, Antonio Ko, on the grounds that he was not properly added as a plaintiff to the action per Federal Rule of Procedure 15(a) and moves to dismiss his loss of consortium claim on the basis that it fails to state a claim. As explained below, the court GRANTS Mutual's motion to dismiss all claims in the action.

## I. BACKGROUND

On January 17, 2013, plaintiff Josie C. Ko, proceeding pro se, filed a form complaint in the Santa Clara County Superior Court, alleging "products liability" for injuries suffered following her prescribed use of sulindac, a generic anti-inflammatory medication manufactured by defendant Mutual Pharmaceutical Company. Compl. 1, Dkt. No. 1, Ex. 1. Mutual removed the case to federal court on the basis of diversity jurisdiction. Notice of Removal ¶¶ 7–9, Dkt. No. 1. On March 6, 2013, Mutual filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. Dismiss, Dkt. No. 8. The court granted Mutual's motion to dismiss for failure to state a claim without prejudice on July 1, 2013, allowing Ko thirty days to amend her complaint in good faith. Order, Dkt. No. 32. Ko filed an amended complaint on July 31, 2013, alleging design defect products liability claims and state unfair competition claims arising from Mutual's alleged inadequate warning label. Am. Compl. 2–4. On the same day, Ko's husband filed a joinder declaration to add himself as a plaintiff, alleging loss of consortium based on Ko's underlying products liability claims. Joinder Dec. 1, Dkt. No. 38.

Mutual moves to dismiss Ko's amended complaint on the basis that Ko's claims are preempted by federal law under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharmaceutical, Co., Inc. v. Bartlett*, 133 S. Ct. 2466 (2013). Mutual further moves to dismiss the amended complaint for failure to state a claim; and finally, objects to the joinder of Ko's husband on procedural grounds and moves to dismiss his loss of consortium claims for failure to state a claim.

## II. ANALYSIS

Although pro se litigants are "held to less stringent standards than formal pleadings drafted by lawyers[,]" *Castro v. U.S.*, 540 U.S. 375, 386 (2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)), here, the law is clear. Despite Ko's sympathetic situation, the court is bound by Supreme Court precedent in *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011) and *Mutual Pharmaceutical, Co., Inc. v. Bartlett*, 133 S. Ct. 2466 (2013). With regard to Ko's argument that current preemption law is unjust, this is beyond this court's power. The court is bound to apply the law as it is. The Supreme Court in *Bartlett* said it "would welcome Congress' 'explicit' resolution of the difficult preemption questions that arise in the prescription drug context[,]" but it was bound

to follow the current law. *Bartlett*, 133 S. Ct. at 2480. Accordingly, this court must dismiss Ko's products liability claims and state unfair competition claims.

### A. Preemption

Mutual contends that Ko's claims, as alleged, are based on allegedly inadequate warnings on the sulindac label and fail as a matter of law because state law tort claims against generic drug manufactures are preempted by federal law.

The court agrees, finding the claims are preempted. As explained in the court's prior order, "federal law preempts state law failure-to-warn claims." Order 5. Because generic drug manufacturers are required by federal law to use the same FDA approved labeling as the manufacturers of the brand-name drug, and because generic manufacturers cannot legally change their labels even to add additional warnings, any state law claims based on failure-to-warn would conflict impermissibly with federal FDA regulations, and are therefore preempted. *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567, 2570 (2011); *see also Mutual Pharm. Co. v. Bartlett*, 133 S. Ct. 2466 (2013) (reaffirming *Mensing* and finding that state law design defect claims based on inadequate warnings are also preempted).

Ko's state law strict liability, negligence, and breach of express and implied warranty claims, and unfair competition claims, which rest on Mutual's alleged inadequate labeling of sulindac, are based on a failure-to-warn theory and consequently preempted by federal law. *See Gaeta v. Perrigo Pharm. Co.*, No. 09-15001, 2012 WL 605678 (9th Cir. 2012), *aff'g* 562 F. Supp. 2d 1091 (N.D. Cal. 2008) (granting summary judgment in favor of defendant because plaintiff's state law claims for negligence, breach of express warranty, and breach of implied warranty based on inadequate warning were preempted); *see also Phelps v. Wyeth, Inc.*, 857 F. Supp. 2d 1114, 1123-24 (D. Or. Apr. 24, 2012) (holding that all warnings-based claims, including claims for negligence, strict liability, and breach of warranty are preempted); *Moretti v. PLIVA, Inc.*, No. 08-00396 2012 WL 628502 (D. Nev. Feb. 27, 2012) (holding that state law claims for strict liability, negligence, breach of express and implied warranties, consumer fraud, and deceptive trade practices based on inadequate warning are preempted); *see also Caouette v. Bristol-Myers Squibb, Co.*, No. C–12–

1814 2012 WL 3283858 at *3 (N.D. Cal. Aug. 10, 2012) (characterizing plaintiff's section 17200 claims as failure to warn claims).

### B. Joinder

With regard to the attempt by Ko's husband to join the suit as a plaintiff, because Ko's underlying claims are preempted and dismissed, the derivative loss of consortium claim is also dismissed. *See, e.g,. Blaxland v. Commonwealth Dir. Of Pub. Prosecutions* 323 F.3d 1198, 1203 (9th Cir. 2003).

### III. ORDER

Mutual's motion to dismiss for failure to state a claim is GRANTED. All of the Kos' claims are dismissed with prejudice.

Dated: October 18, 2013



RONALD M. WHYTE
United States District Judge